J. P. Montgomery *v.* A. Alcorn's Exor. and R. H. Givens.

Decretal Sale—Ostensible and Real Bidders—Parties.

> Alcorn and Givens having purchased a farm at decretal sale, executed their bond for the purchase price with D. H. Walker as security. Before this sale was confirmed, they sold the land to Montgomery and delivered to him a title bond, reciting that A. Alcorn, R. H. Givens and D. H. Walker were the parties of the first part. The notes taken for the purchase price were made payable to said Alcorn, Givens and Walker; Held; that Alcorn and Givens, by their own acts in giving the bond and receiving said notes furnished strong evidence that Walker was interested and his interest prima facie appearing, his heirs should have been made parties to the suit to foreclose.

APPEAL FROM LINCOLN CIRCUIT COURT.

Sptember 22, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Alcorn and Givens having purchased a farm at decretal sale, made to divide its proceeds among the heirs of A. W. Walker, deceased, executed their bond for the purchase price with D. H. Walker as security. Before this sale was confirmed by the chancellor, they sold the land to Montgomery and delivered to him a title bond with Givens name along subscribed, yet reciting that the "bargain and sale entered into this 28th day of February, 1865, between A. Alcorn, R. H. Givens and *D. H. Walker* of the first part and J. P. Montgomery of the second part."

The terms were $5,500 paid down and two equal instalments of $3,644.06¼ June 28 and December 28, following.

But as the sale had not then been confirmed, notes therefor were not executed until April 4, subsequent to the confirmation, but when executed they were made payable to said Alcorn, Givens and *Walker;* besides, this written evidence of Walker's interest the parol evidence also shows he had some kind of interest in said purchase, Alcorn and Givens therefore by their own acts, in giving the bond and receiving said notes, furnish strong evidence that Walker was interested, notwithstanding the ostensible bid was in their own names and the commissioner's deed was subsequently made to them.

Walker's interest thus *prima facie* appearing in the purchase, his heirs were essential parties, he having died after the decretal sale and before any order of conveyance was made, and the deed being ordered without their being before the court, we apprehend does not deprive them from their ancestor's interest.

It is insisted that some of the heirs of A. W. Walker were not before the court so as bind them by the decretal sale. But as the judgment compelling Montgomery to pay the two time instalments and to receive Alcorn and Givens' deed, notwithstanding his resistance, must be reversed for the first named error and as time was not made as of the essence of the contract, so as to entitle him to a rescission at once, all these defects may be remedied. As Montgomery went into possession immediately and is still enjoying the use of the farm, and the time of conveying to him was not of the essence of the contract, and notwithstanding considerable delay has already accrued in maturing the vendor's title, yet if they shall proceed with due and active vigilance to perfect their title so as to be able to convey it to Montgomery, he should be adjudged to receive it and pay the outstanding purchase price, but unless this be done the contract should be rescinded upon equitable principles.

Neither the parol evidence nor the writing indicate that either party supposed or intended that the conveyance should be made promptly on December 28, 1865. Indeed, by the terms of the bond, the title was not to be made until the last instalment was paid, and though it was due on that day, its then prompt payment was not secured by the forfeiture of any right and the vendees could not tell certainly that it would then be paid, beside, Montgomery evidently knew they had to get their title by the authority of the court.

Wherefore the judgment is reversed with directions for further proceedings as herein indicated.

*Durham & Jacobs, Bell, for appellant.*

*Harlan, for appellee.*